■ In the Matter of the Arbitration between John J. Hennessy, Respondent, and Motor Vehicle Accident Indemnification Corporation, Appellant.— Order, entered May 26, 1964, confirming arbitration award against respondent-appellant MVAIC and denying MVAIC's cross motion to vacate the award, unanimously reversed on the law, and in the exercise of discretion, and the matter remanded to the same arbitrator for restatement of the award in the light of the holding in Matter of Durant (MVAIC) (15 N Y 2d 408, infra), without costs or disbursements to either side. Under the arbitration submission, the arbitrator was required to reduce the initial award by amounts paid to petitioner-respondent as workmen's compensation benefits (Matter of Durant [MVAIC], 15 N Y 2d 408). It does not, however, appear from the face of the award whether the arbitrator failed to make or did in fact make

this deduction. Nor does the record contain the requisite "clear and convincing extrinsic evidence" that the arbitrator imperfectly exercised his powers by refusing to make the deduction which would justify vacating an award (8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7511.18). But the time sequence, namely, the rendering of the award between the two diverse appellate determinations in the *Durant* case, suggest that the arbitrator could not have been in a position to make an award with knowledge of the rule later determined to be applicable. It would generally be considered improper to remand for the purpose of having arbitrators set forth the calculations they employed (*Matter of Bay Ridge Med. Group* v. *H. I. P.*, 22 A D 2d 807; 8 Weinstein-Korn-Miller, op. cit., par. 7511.24). Here, however, the fact that the Court of Appeals decided the *Durant* case (*supra*), subsequent to the arbitrator's decision lends support to MVAIC's contention that the arbitrator did, in fact, fail to make the required deduction of workmen's compensation payments. Until the Court of Appeals decision clarified the law, it would have been entirely possible for the arbitrator, pursuant to then decided cases, to have assumed that no such deduction was required (see *Matter of Durant* [*MVAIC*], 20 A D 2d 242, mod. so as to deduct workmen's compensation benefits in 15 N Y 2d 408, *supra*). In analogous circumstances, where the basis for an arbitration award was uncertain, this court has previously followed the practice of remanding for further consideration (CPLR 7511, subd. [b], par. 1, cl. [iii]; subd. [d]; see *Matter of Weiss* [*Metalsalts Corp.*], 15 A D 2d 46, affd. 11 N Y 2d 1042; 8 Weinstein-Korn-Miller, op. cit., par. 7511.24). Concur — Breitel, J. P., Rabin, McNally and Capozzoli, JJ.